DAN SIEGEL, SBN 56400
JANE BRUNNER, SBN 135422
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
 janebrunner@hotmail.com;
emilyrose@siegelyee.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DARLENE FROHM, | ) Case No. 4:22-cv-06002-JST |
| Plaintiff, | ) |
| | ) **FIRST AMENDED VERIFIED** |
| | ) **COMPLAINT FOR DAMAGES AND** |
| v. | ) **INJUNCTIVE RELIEF** |
| | ) |
| CITY AND COUNTY OF SAN FRANCISCO and | ) |
| Does 1 through 15, | ) Demand for Jury Trial |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff DARLENE FROHM complains against defendant CITY AND COUNTY OF SAN FRANCISCO ("CCSF"), and Does 1-15 as follows:

### PRELIMINARY STATEMENT

1.     Defendant City and County of San Francisco ("CCSF") discriminated against plaintiff Darlene Frohm based on her race, did not pay her equally as compared to her non-African American counterparts, and retaliated against her for reporting her concerns about equal pay and discrimination.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION

2.      The action arises under 29 U.S.C. § 206(d) and 42 U.S.C. § 2000e-2, to redress unequal pay, race discrimination and retaliation. The Court has jurisdiction over this matter under 28 U.S.C. § 1331 (arising under laws of the United States) and 28 U.S.C. § 1343 (an action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights).

3.      The Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

## VENUE

3.      Venue is proper in the Northern District of California because the acts or omissions giving rise to this complaint occurred in the City and County of San Francisco.

## PARTIES

4.      Plaintiff DARLENE FROHM is employed by defendant CITY AND COUNTY OF SAN FRANCISCO ("CCSF") as Assistant Deputy Director, Manager IV, for the Public Works Department.

5.      At all relevant times, defendant CCSF was and is a public entity with its principal offices in the City and County of San Francisco.

6.      The true names and capacities of the defendants named herein as Does 1 through 15, inclusive, whether individual, corporate, associate, or otherwise are unknown to plaintiff, who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in the manner set forth herein, or in some other manner for the occurrences alleged herein and that the damages as alleged herein were proximately caused by their conduct. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is a California resident. Plaintiff will amend this complaint to show the true names and capacities of each of the fictitiously named defendants when such names and capacities have been determined.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF FACTS

7.      Darlene Frohm is an African American woman.

8.      Ms. Frohm was a supervisor for Hyatt for eighteen years from 1987-2000 and an enlisted noncommissioned officer/supervisor in the United States Navy and Air Force.

9.      In February 2000, City and County of San Francisco ("CCSF") hired Ms. Frohm as Purchaser with the City's Office of Contract Administration. In 2005, she was promoted to Senior Purchaser and, in 2015, promoted to Supervising Purchaser.

10.     Ms. Frohm has been a supervisor/manager with CCSF for over seventeen years.

11.     Since April 2018, Ms. Frohm has been Manager IV, Assistant Superintendent of Central Operations and Assistant Deputy Director of the Public Works Operations Division. Manager IV is a classification 0932 position.

12.     As a Manager IV in the Public Works Operations Division ("Operations"), Ms. Frohm is a senior manager, and she is responsible for: functional areas of service; coordinating and implementing program planning and organizational structure; staffing requirements; resource allocations; and identification of future resources needs. She interfaces with all managerial levels of city and county government and outside agencies and has served as representative of the Division in meetings involving administrative systems and policies and procedures related to duties. She plans, monitors, evaluates, and supervises the operation of the Operations Division of the Public Works Department. She coordinates the work of the various subdivisions, advises, consults with section managers, and meets with appropriate staff to identify and resolve problems or conflicts.

13.     She oversees: Community Engagement; Community Programs, including Graffiti Watch, the Community Clean Team, and the Adopt A Street Program, Street Parks; Maintenance Planners, & Estimators for Management of the Operations Maintenance and Construction Projects; the Outreach and Enforcement Team; the Department's apprenticeship programs; the Pit Stop public toilet program that provides mobile restrooms and handwashing stations throughout the city; over 1100 vehicles and other heavy equipment in the Public Works fleet; and the storeroom for Personal Protective Equipment ("PPE"), materials, supplies, and tools for the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Public Works department. She works directly with the public, such as non-profits, trade unions, and education programs, and she manages the Community Workforce Development Programs.

14.     In 2018, the Public Works Department allotted a classification 0941 position to Public Works Operations Division. Around summer of 2018, an employee in the GSA/Human Resources Department notified Ms. Frohm that this position was available in Operations and slated for Central Operations where the need had been identified. Ms. Frohm told the Human Resources employee that she would like to apply for the position.

15.     Although classified as 0932, Ms. Frohm already performed the work of a classification 0941 position. She had over six years as a verifiable manager in the construction, maintenance and operation of facilities and structures common to public works operations, including four years as second level supervisor, and she managed more than 35 employees.

16.     In 2018, Ms. Frohm told her manager Larry Stringer that she intended to apply for the 0941 position once the application became available.

17.     Later in 2018, after Ms. Frohm had expressed interest in the position to Human Resources and to Mr. Stringer, the 0941 position was moved from the Operations division to Financial Management and Administration. Operations is a department that is predominantly staffed by people of color including predominantly people of color Managers. Financial Management and Administration is a department predominately staffed by white and Asian employees. Moving the position eliminated Ms. Frohm's ability to apply for the 0941 position in Operations for which she was qualified, and denied her the ability to receive a promotion, title change, and a pay increase.

18.     Immediately after learning that the 0941 position was moved out of Operations in 2018, Ms. Frohm complained to Mr. Stringer that she believed that the 0941 position was moved, which prevented her from having the opportunity to apply and promote into the 0941 position that she was already doing. Ms. Frohm commented that this was bias because there were no Black managers in with the 0941 classification, out of 1600 employees in four divisions of the Public Works department.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19.     On April 3, 2019, the Human Resources department announced that the 0941 position was awarded to Alexandra Bidot, a Latina woman who had only seven employees including herself in her section, compared to Ms. Frohm's over 35 employees, two managers, and eight major public facing programs. Because the position was moved to Financial Management and Administration, Ms. Frohm was not able to apply for it.

20.     In April 2020, Ms. Frohm was informed by Alaric Degrafinried, Acting Director of Public Works, that she was performing the work of a classification 0941 even though her position was a 0932 position. He told Ms. Frohm that there was justification for her to be in the higher 0941 classification.

21.     Ms. Frohm complained to Mr. Degrafinried that the 0941 classification that was moved from the Operations division to Finance division prevented her from an opportunity for upward mobility and financial equity because she was Black.

22.     When Mr. Degrafinried inquired about a 0941 position for Ms. Frohm, he was told that there was no budget for the position.

23.     On or about July 30, 2020, the position of Deputy Director for Operations was posted. Ms. Frohm was qualified for the Deputy Director of Operations position. As Assistant Deputy Director, she had led, overseen, and mentored bureau managers in day-to-day operations. She was responsible for: fiscal and administrative management, including monitoring funding, personnel management and administration, procurement, and contract administration; developing, implementing, and maintaining operational records; reporting on all work performed; tracking performance to budgets and schedules; allocating resources; and working collaboratively on projects with department teams, other city department offices, outside organizations and the public. She had responsibility for: improving bureau management procedures and practices, including recruitment and selection of employees, overseeing disciplinary actions, as well as responding to citizens' complaints; directing and preparation of annual budgets; planning and directing operations of the bureau through subordinate personnel; directing the preparation of detailed reports and records; and directing the operation in an emergency. She had knowledge of municipal regulations and led an active labor environment. She had experience in supervising

large field operations, including training, mentoring, delegating and ensuring accountability by setting clear performance goals and metrics.

24.    Ms. Frohm applied for the position, and her application was accepted. However, Ms. Frohm was never offered an interview and did not receive acknowledgment of her application until the interview process was over. This denied her the opportunity to compete for the position or to appeal why she was not granted an interview.

25.    Ms. Frohm learned that some applicants with the same or less qualifications were granted interviews for the 0954 Deputy Director for Operations position. Ms. Frohm also learned that the comment was made from an HR manager that Ms. Frohm appeared to be angry all the time, which Ms. Frohm understood to be a racially-motivated comment referring to the stereotype of the angry Black woman.

26.    In the fall of 2020, Mr. Degrafinried, told Ms. Frohm that, although the work she was doing was in line with duties of a 0941 position, "Now is not the right time for reclassifying."

27.    Despite these comments about the budgeting for the 0941 positions, at least one other division within the department with predominately white and Asian employees was allowed to create and fill 0941 classification positions. The Operations division was not similarly allowed to create and fill a 0941 position.

28.    On January 4, 2021, Dijaida Durden was hired for the Deputy Director of Operations position.

29.    From May 2021 until July or August 2021, Ms. Frohm served as Acting Deputy Director for Operations, supervising over 700 employees, and continues to serve in that position when Mrs. Durden is out of the office. Deputy Director for Operations is a 0954 classification, above the 0941 classification. Ms. Frohm's months long service as the Acting Deputy Director for Operations clearly indicates that she is qualified for the lower 0941 classification.

30.    Ms. Frohm told Mrs. Durden that she would like to be promoted to the 0941 classification. Seeing that Ms. Frohm was qualified for this position and performing work in line with the 0941 classification, Mrs. Durden asked Human Resources to make a 0941 position available in the Operations department.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

31.     On August 12, 2021, Ms. Frohm was informed by Human Resources that she did not qualify for a 0941 position in Operations because she did not have enough staff. When Human Resources was shown an organization chart showing that Ms. Bidot, with only seven employees including herself held and 0941 classification, Human Resources then changed their reasoning and stated that Ms. Frohm was not qualified because she did not have enough supervisory experience, and additionally added that she did not have prior experience.

32.     Ms. Frohm had enough staff, enough supervisory experience, and prior experience to qualify for the 0941 position.

33.     The San Francisco Public Works' 2021 organization chart lists Ms. Frohm as a Superintendent equal to other Superintendents. At that time, she held the position of Assistant Deputy Director for Operations/Division Manager IV 0932. She is the only Black manager at her level. Her division is the only division within the Operations Division of the Public Works Department that has a majority of Employees of Color.

34.     Ms. Frohm has been paid less than the four permanent Superintendents who perform or performed substantially equal or substantially similar work as she does: Peter Lau, Asian man, who was Superintendent of Street and Environmental Service, classification 0942; Carla Short, white woman, when she was Superintendent of Urban Forestry, classification 0941; Matt Naclerio, white man, Superintendent of Street and Sewer Repairs, classification 0941; and Jim Keenan, a white man, who was Superintendent of Building Repairs, classification 0941.

35.     In April 2022, Ms. Frohm was moved to Range B Pay scale. However, within Range B pay scale, she is still compensated less than the other Superintendents listed in paragraph 34.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

36.     On February 5, 2021, Ms. Frohm filed a Complaint with the Department of Fair Employment and Housing ("DFEH").

37.     On March 18, 2021, Ms. Frohm filed a Complaint with U. S. Equal Employment Opportunity Commission ("EEOC").

38.     On May 3, 2021, the DFEH issued a Notice of Case Closure and Right to Sue letter to Ms. Frohm.

39.     On May 20, 2022, the U.S. Department of Justice Civil Rights Division issued a Notice of Right to Sue within 90 Days to Ms. Frohm.

40.     On August 3, 2022, Ms. Frohm filed a DFEH complaint regarding retaliation and was issued a new Notice of Right to Sue.

**FIRST CLAIM FOR RELIEF**
**DISCRIMINATION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT**
**(Government Code § 12940)**

41.     Ms. Frohm refers to and incorporates by reference paragraphs 1 through 40 above as though fully set forth herein.

42.     By virtue of the foregoing, CCSF discriminated against Ms. Frohm based on her race by denying her promotion to positions for which she was qualified and offering such positions to non-Black persons with equal or lesser qualifications.

**SECOND CLAIM FOR RELIEF**
**RETALIATION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT**
**(Government Code § 12940)**

43.     Ms. Frohm refers to and incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

44.     By virtue of the foregoing, CCSF retaliated against Ms. Frohm after she complained about discrimination at the CCSF.

**THIRD CLAIM FOR RELIEF - FEDERAL EQUAL PAY ACT (EPA)**
**(29 U.S.C. § 206(d))**

45.     Ms. Frohm refers to and incorporates by reference paragraphs 1 through 44 above as though fully set forth herein.

46.     Ms. Frohm was paid less than at least one of her male counterparts who performed equal work.

47.     By virtue of the foregoing, defendant CCSF wrongfully refused to pay Ms. Frohm equal to male colleagues on the basis of her sex in violation of Federal Equal Pay Act.

///
///

**FOURTH CLAIM FOR RELIEF - DISCRIMINATION ON THE
BASIS OF GENDER - TITLE VII
(42 U.S.C., § 2000e-2(a))**

48.     Ms. Frohm refers to and incorporates by reference paragraphs 1 through 47 above as though fully set forth herein.

49.     By virtue of the foregoing, defendant CCSF wrongfully refused to pay Ms. Frohm equal to non-African American colleagues on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended.

**FIFTH CLAIM FOR RELIEF - CALIFORNIA EQUAL PAY ACT
(California Labor Code § 1197.5)**

50.     Ms. Frohm refers to and incorporates by reference paragraphs 1 through 49 as above as though fully set forth herein.

51.     CCSF paid non-African American Deputy Directors more than it paid Ms. Frohm.

52.     The non-African American male employee performed substantially similar work to Ms. Frohm. Her job required equal skill, effort and responsibility, and the job was performed under similar working conditions.

53.     CCSF violated Labor Code § 1197.5 by not paying Ms. Frohm at the same rate of pay it paid to at least one of her non-African American colleagues who performed substantially similar work.

54.     As a result of the actions of defendants, plaintiff has been injured and has suffered damages as follows:

(a)     She has lost compensation to which she was entitled and will lose such compensation in the future;

(b)     She has suffered from emotional distress, embarrassment and humiliation, and has suffered damage to her professional reputation and standing.

**PRAYER**

WHEREFORE, plaintiff Darlene Frohm prays for judgment against defendant CCSF;

(1)     Compensatory damages for past and future lost wages and benefits, in an amount to be determined;

(2)     General damages for pain, suffering, emotional distress, and damage to her reputation, in an amount to be determined;

(3)     Injunctive and declaratory relief;

(4)     Interest at the legal rate;

(5)     Attorneys' fees;

(6)     Costs of the suit; and

(7)     Such other and further relief as the Court may deem proper.


Dated: November 23, 2022                    SIEGEL, YEE, BRUNNER & MEHTA


                                            By: _/s/ EmilyRose Johns_____
                                                Jane Brunner
                                                Dan Siegel
                                                EmilyRose Johns

                                                Attorneys for Plaintiff
                                                DARLENE FROHM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

I, Darlene Frohm, declare as follows:

I am the plaintiff in this action. I have read the foregoing First Amended Verified Complaint and know the contents thereof. The same is true of my own knowledge, except for those allegations stated on information and belief, and as to such allegations, I believe it to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated November 23, 2022, at New Orleans, Louisiana.

_____
Darlene Frohm