UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE FROHM,<br><br>      Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>      Defendant. | Case No. 22-cv-06002-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 21 |

Before the Court is a motion to dismiss brought by Defendant City and County of San Francisco ("the City" or "CCSF"). ECF No. 21. The Court will grant the motion in part and deny it in part.

## I. BACKGROUND

Plaintiff Darlene Frohm, an African American woman, is employed by the City as Assistant Deputy Director for the Public Works Department, which is classified as a 0932 position. As discussed in more detail below, she alleges that she was qualified for, and was already performing the work of, a higher 0941 classification, but that the City has not promoted her to the higher classification. She contends that she has been discriminated against on the basis of race, in violation of both the California Fair Employment and Housing Act ("FEHA") and Title VII, and that she was also unlawfully retaliated against under FEHA after she complained about that discrimination. In addition, she alleges claims for violation of both the federal and California Equal Pay Acts. The City has moved to dismiss the complaint in its entirety.

## II. JURISDICTION

The Court has jurisdiction over Frohm's federal claims under 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over her state claims under 28 U.S.C. § 1367.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Dismissal for failure to state a claim should be with leave to amend, "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### IV. DISCUSSION

#### A. Discrimination

Frohm alleges that she was discriminated against on the basis of race, in violation of both FEHA and Title VII. She contends that she "has been denied the ability to apply for a manager 0941 position and the opportunity to be reclassified and paid as a manager 0941, despite performing the duties of a manager 0941, because of her race." ECF No. 29 at 15. To establish a prima facie case for discrimination, plaintiffs must generally show that they belong to a "protected class"; they were "qualified for the position [they] sought or [were] performing competently in the position [they] held"; they "suffered an adverse employment action"; and "some other

circumstance suggests discriminatory motive." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 355 (2000). A plaintiff "need not plead facts constituting all elements of a prima facie employment discrimination case" to withstand a motion to dismiss, but courts "look to those elements . . . to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015).

The City does not challenge that Frohm belongs to a protected class, but it argues that she has failed to sufficiently allege the other elements of a prima facie discrimination claim. First, it argues that Frohm has not adequately alleged her qualifications. However, the complaint includes allegations of Frohm's experience as Assistant Deputy Director, including over four years of second-level supervisory experience and management of more than 35 employees. ECF No. 19 ¶¶ 12–13, 15, 23. Frohm also alleges that she "served as Acting Deputy Director for Operations, supervising over 700 employees," for several months, and that she "continues to serve in that position when [the Deputy Director for Operations] is out of the office." *Id.* ¶ 29. The Deputy Director for Operations is classified as a 0954 position, which is higher than the 0941 classification that Frohm seeks. *Id.* Frohm further alleges that, in April 2020, Alaric Degrafinried, Acting Director of Public Works, told Frohm "that she was performing the work of a classification 0941 even though her position was a 0932 position," and "that there was justification for her to be in the higher 0941 classification."[1] *Id.* ¶ 20. Similarly, she alleges that, in 2021, DiJaida Durden, the Deputy Director for Operations, "[saw] that Ms. Frohm was qualified" for a 0941 position and was "performing work in line with the 0941 classification." *Id.* ¶ 30. These allegations are sufficient to plausibly allege Frohm's qualifications for a 0941 classification.

---

[1] The City argues that this allegation is contradicted by its response to Frohm's EEOC complaint, in which the City wrote that "Degrafinried explained to [Frohm] that he believed her work *fell within her 0932 classification* and that due to the City's budget constraints, he did not believe that changing her position to a higher class would be approved through the City's comprehensive position approval process which involves approval from the City's Department of Human Resources and the Mayor's Budget Office." ECF No. 29-1 at 14 (emphasis added). Although the Court can take judicial notice of the existence of this document as a public record, it cannot take "judicial notice of disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

3

1  The City next argues that Frohm's inability to obtain a 0941 classification does not constitute an adverse employment action. However, it is not disputed that 0941 is a higher classification than Frohm's existing 0932 classification, and Frohm alleges that she has been paid less than she would have been had she served in the higher classification. An adverse employment action is one that "materially affect[s] the terms and conditions of employment," *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1036 (2005), and "exists where an employer's action negatively affects its employee's compensation," *Fonseca v. Sysco Food Servs. of Ariz. Inc.*, 374 F.3d 840, 847 (9th Cir. 2004). Thus, denial of a reclassification, like a denial of a promotion, is an adverse employment action when "it is reasonable for the Court to conclude that [the denial] would have both pecuniary as well as other impacts." *Valero v. San Francisco State Univ.*, No. 12-cv-04744-TEH, 2014 WL 1339618, at *3 (N.D. Cal. Apr. 2, 2014). Frohm's allegations are sufficient to allege an adverse employment action under these standards.

  Finally, the City contends that the complaint lacks sufficient factual allegations that any adverse employment action was based on race. Frohm alleges that "there were no Black managers in . . . the 0941 classification, out of 1600 employees in four divisions of the Public Works department," ECF No. 19 ¶ 18; that a 2018 opening for a 0941 position was moved from her department, "predominantly staffed by people of color," to another department, "[predominantly] staffed by white and Asian employees," *id.* ¶ 17; and that, at a time when she was told her division could not create and fill a 0941 position, "at least one other division within the department with [predominantly] white and Asian employees was allowed to create and fill 0941 classification positions," *id.* ¶ 27. She further alleges that she is listed on the "San Francisco Public Works' 2021 organization chart . . . as a Superintendent equal to other Superintendents," but that the other Superintendents, who are Asian or white, are classified as 0941 or 0942, while she is at a lower 0932 classification. *Id.* ¶¶ 33–34. In addition, Frohm alleges that Human Resources initially told her "that she did not qualify for a 0941 position in Operations because she did not have enough staff," but that after she showed an organization chart demonstrating that another, non-Black person in a 0941 position had fewer staff, Human Resources "changed their reasoning and stated that Ms. Frohm was not qualified because she did not have enough supervisory experience, and

4

1    additionally added that she did not have prior experience." *Id.* ¶ 31. As discussed above, the
2    complaint includes detailed allegations regarding Frohm's experience, and Frohm also alleges that
3    two supervisors told her that she was qualified for a 0941 classification. Construing the complaint
4    in a light most favorable to Frohm leads to the inference that Human Resources' allegedly stated
5    reasons were pretextual. *See Gonzales v. City of Martinez*, 638 F. Supp. 2d 1147, 1159 (N.D. Cal.
6    2009) (holding that "changing . . . stated reason[s] . . . creates a question of fact regarding whether
7    Defendants' current position is pretext for discrimination"). Although discovery might reveal
8    nondiscriminatory motives for the City's actions, the Court can reasonably infer from the
9    complaint's allegations that race played a factor in how the City has allocated 0941 positions.

10   Frohm has plausibly alleged discrimination based on race, and the City's motion to dismiss
11   these claims is denied.

### B. Retaliation

13   "To state a claim for unlawful retaliation under FEHA, a plaintiff must show that '(1) he or
14   she engaged in a protected activity, (2) the employer subjected the employee to an adverse
15   employment action, and (3) a causal link existed between the protected activity and the employer's
16   action.'" *Abel Lugo v. Performance Transp., LLC*, No. CV 20-519-DMG (KSx), 2020 WL
17   7034336, at *3 (C.D. Cal. Oct. 5, 2020) (quoting *Yanowitz*, 36 Cal. 4th at 1042 (quotation marks
18   omitted)).

19   Frohm alleges two protected activities: a 2018 complaint to her manager, Larry Stringer,
20   "that she believed that the 0941 position was moved" out of her department due to racial bias, *id.*
21   ¶ 18, and an April 2020 complaint to Degrafinried "that the 0941 classification that was moved
22   from the Operations division to Finance division prevented her from an opportunity for upward
23   mobility and financial equity because she was Black," *id.* ¶ 21. The City does not contest "that
24   such complaints, if made, would constitute protected activity under FEHA." ECF No. 21 at 24.

25   However, the City correctly argues that the complaint does not allege that Stringer or
26   Degrafinried took any adverse action against Frohm, or that the decisionmakers who allegedly did
27   take adverse action knew of Frohm's complaints. This is fatal to Frohm's retaliation claim, as
28   "the decisionmaker's knowledge of the protected activity is an essential element" of such a claim.

*Adams v. Kmart Corp.*, No. C 00-03885 WHA, 2001 WL 969049, at *4 (N.D. Cal. Aug. 10, 2001) (citing *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69–70 (2000)); *see also Cooper v. Cate*, No. 1:10-cv-899 AWI DLB, 2011 WL 5554321, at *11 (E.D. Cal. Nov. 15, 2011) (dismissing Title VII retaliation claim where there were "insufficient allegations that those who engaged in the adverse employment actions had knowledge of [the plaintiff's] protected conduct"). The Court dismisses Frohm's retaliation claim with leave to amend, as it is not clear that she cannot provide additional allegations to cure this deficiency.

### C.     California Equal Pay Act

The City argues that Frohm's claim under the California Equal Pay Act, Cal. Labor Code § 1197.5, is barred by the California Government Claims Act, under which "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."[2] *California v. Superior Ct.* (*Bodde*), 32 Cal. 4th 1234, 1239 (2004). Frohm does not dispute this claim-presentation requirement, nor does she contend that she complied with it by filing a claim with the City before filing this lawsuit. Instead, she argues that she has substantially complied with the requirement by including claims of non-equal pay with the complaints she filed with the California Department of Fair Employment and Housing ("DFEH"), now known as the Civil Rights Department ("CRD"), and the United States Equal Employment Opportunity Commission ("EEOC").[3]

Frohm has cited no authority, and the Court is aware of none, for the proposition that a complaint to the EEOC or CRD can satisfy the claim-presentation requirement for non-Title-VII or non-FEHA claims. To the contrary, courts that have confronted this question have determined that "[e]ngaging the EEOC and the [DFEH] . . . does not satisfy the [Government] Claims Act" because neither organization is the public entity to which such claims must be addressed.

---

[2] Some courts have referred to the "Tort Claims Act," but the California Supreme Court has indicated that "'Government Claims Act' is a more appropriate short title." *City of Stockton v. Superior Ct. (Civic Partners Stockton, LLC)*, 42 Cal. 4th 730, 741–42 (2007).

[3] Frohm requests that the Court take judicial notice of these complaints, as well as the City's response to her EEOC complaint. As discussed below, the substance of her complaints and the City's notice of their contents are not relevant to this motion. The Court therefore does not consider these documents.

6

*Williams v. County of Marin*, No. C03-2333 MJJ, 2004 WL 2002478, at *11 (N.D. Cal. Sept. 8, 2004); *see also Jadwin v. County of Kern*, No. 1:07-CV-00026-OWW-DLB, 2009 WL 926844, at *18 (E.D. Cal. Apr. 3, 2009) ("[A]sserting non-FEHA claims in a DFEH complaint does not satisfy the Government Claims Act requirements."). "FEHA claims are not subject to the general [Government] Claims Act requirements," which means that a plaintiff bringing only "a FEHA claim based on her termination would be exempt from the claim presentation requirement." *Linkenhoker v. Rupf*, No. C-06-05432-EDL, 2007 WL 404783, at *8 (N.D. Cal. Feb. 2, 2007). But that same plaintiff must comply with the claim-presentation requirement if she seeks to bring a non-FEHA wrongful termination claim—even where "her cause of action for wrongful termination is based on the same conduct as her FEHA claim for retaliation." *Id.* Even if non-FEHA claims arise from the same facts as FEHA claims, "inclusion of non-FEHA claims in a FEHA administrative complaint" does not excuse "failure to comply with the claim presentation requirement" because "the purpose of the claim presentation requirement is not advanced by excusing the requirement where . . . a plaintiff includes in an FEHA administrative complaint claims outside the purview of the DFEH." *Olson v. Palm Drive Hosp.*, No. C-11-4606-MMC, 2012 WL 440559, at *3–4 (N.D. Cal. Feb. 10, 2012). Although Frohm argues that the City was on notice of her state Equal Pay Act claim, "[i]t is not the purpose of the claims statutes to prevent surprise. . . . It is well-settled that claims statutes must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel." *City of San Jose v. Superior Ct.* (*Lands Unlimited*), 12 Cal. 3d 447, 455 (1974).

Because Frohm did not present her state Equal Pay Act claim to the City before filing suit, that claim must be dismissed for failure to comply with the claim-presentation requirement under the California Government Claims Act.[4] Frohm seeks leave to amend based on her subsequent

---

[4] This requirement does not apply to Frohm's federal Equal Pay Act claim because the Supremacy Clause bars the California Legislature from imposing the "substantive impediment" of a claims-presentation requirement on "a federal civil rights litigant." *Williams v. Horvath*, 16 Cal. 3d 834, 842 (1976).

7

filing of a government claim with the City, ECF No. 29-1 at 21–23.[5]  However, "[f]iling a government claim while simultaneously attempting to prosecute a cause of action based on that claim . . . does not satisfy the purpose of the Government Claims Act, which is to give the public entity the opportunity to investigate and settle the claim without the cost of litigation."  *Le Mere v. Los Angeles Unified Sch. Dist.*, 35 Cal. App. 5th 237, 248 (2019).  Thus, a plaintiff cannot cure "failure to file a prelawsuit claim by filing a postlawsuit claim."  *Id.* at 247.  Frohm's California Equal Pay Act claim is therefore dismissed without leave to amend, but without prejudice to filing a new case.  If Frohm elects to file a new case, the parties shall meet and confer to attempt to reach agreement on whether the cases should be related under Civil Local Rule 3-12 and consolidated under Rule 42 of the Federal Rules of Civil Procedure.

### D. Federal Equal Pay Act

In her claim under the federal Equal Pay Act, 29 U.S.C. § 206(d), Frohm alleges that she was "paid less than at least one of her male counterparts who performed equal work."  ECF No. 19 ¶ 46.  She alleges that she "has been paid less than the four permanent Superintendents who perform or performed substantially equal or substantially similar work as she does," including one Asian man and two white men.  *Id.* ¶ 34.  But these individuals are alleged to have worked in different bureaus, *id.*, and the complaint does not contain any allegations regarding the work they performed.  Frohm's federal Equal Pay Act claim is dismissed because "merely recit[ing] the elements of the claim" without "alleg[ing] any specific facts," such as how the plaintiff's "work was substantially equal to the work of any male allegedly paid more than she was," is insufficient to state a claim.  *Majo v. Sony Interactive Ent. LLC*, No. 21-cv-09054-LB, 2022 WL 1188871, at *5 (N.D. Cal. Apr. 21, 2022); *accord Cozzi v. County of Marin*, 18-cv-07830-JSW, 2019 WL 13201175, at * 2–3 (dismissing federal Equal Pay Act claim where the allegations were "insufficient to allow the Court to reasonably infer that the content of [the allegedly comparable positions] involve equal skill, effort, and responsibility of similar working conditions").  The cases relied on by Frohm are inapposite because the Equal Pay Act claims in those cases were based on

---

[5] The City does not object to the Court's taking judicial notice of this claim.

people holding the same position.  *See Duke v. City Coll. of San Francisco*, 445 F. Supp. 3d 216, 230 (N.D. Cal. 2020) (plaintiff "allege[d] that his Latina counterpart was hired for the same position as he was" and "was the only other associate vice chancellor of student affairs"); *Davies v. Broadcom Corp.*, 130 F. Supp. 3d 1343, 1350–51 (C.D. Cal. 2015) (plaintiff alleged that "the man who replaced her" received higher pay).  The Court will grant leave to amend because it is not clear that Frohm could not allege additional facts to cure the identified deficiency.

## CONCLUSION

For the reasons discussed above, the Court grants the City's motion to dismiss in part and denies it in part.  The motion is denied as to Frohm's discrimination claims and granted as to her remaining claims.  Frohm's state Equal Pay Act claim is dismissed without leave to amend.  Frohm is granted leave to amend solely to cure the deficiencies identified in this order regarding her retaliation claim and her claim under the federal Equal Pay Act.

Any amended complaint shall be filed within 21 days of the date of this order.  If Frohm does not file a timely amended complaint, her retaliation claim and her claim under the federal Equal Pay Act will be dismissed with prejudice, and the City shall file an answer as to Frohm's remaining claims within 35 days of the date of this order.

**IT IS SO ORDERED.**

Dated:  July 27, 2023



JON S. TIGAR
United States District Judge