UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE FROHM,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 22-cv-06002-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 42 |

In her second amended complaint, Plaintiff Darlene Frohm asserts discrimination, retaliation, and Federal Equal Pay Act claims against Defendant City and County of San Francisco ("the City"). ECF No. 41 at 10–11. The City has moved to dismiss only the retaliation claim. ECF No. 42. The Court will grant the motion in part and deny it in part.

The Court dismissed Frohm's retaliation claim from the first amended complaint, with leave to amend, as follows:

> "To state a claim for unlawful retaliation under FEHA [California's Fair Employment and Housing Act], a plaintiff must show that '(1) he or she engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action.'" *Abel Lugo v. Performance Transp., LLC*, No. CV 20-519-DMG (KSx), 2020 WL 7034336, at *3 (C.D. Cal. Oct. 5, 2020) (quoting *Yanowitz* [*v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005)] (quotation marks omitted)).
>
> Frohm alleges two protected activities: a 2018 complaint to her manager, Larry Stringer, "that she believed that the 0941 position was moved" out of her department due to racial bias, *id.* ¶ 18, and an April 2020 complaint to [Alaric] Degrafinried[, Acting Director of Public Works,] "that the 0941 classification that was moved from the Operations division to Finance division prevented her from an opportunity for upward mobility and financial equity because she was Black," *id.* ¶ 21. The City does not contest "that such complaints, if made, would constitute protected activity under

>
> FEHA." ECF No. 21 at 24.
>
> However, the City correctly argues that the complaint does not allege that Stringer or Degrafinried took any adverse action against Frohm, or that the decisionmakers who allegedly did take adverse action knew of Frohm's complaints. This is fatal to Frohm's retaliation claim, as "the decisionmaker's knowledge of the protected activity is an essential element" of such a claim. *Adams v. Kmart Corp.*, No. C 00-03885 WHA, 2001 WL 969049, at *4 (N.D. Cal. Aug. 10, 2001) (citing *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69–70 (2000)); *see also Cooper v. Cate*, No. 1:10-cv-899 AWI DLB, 2011 WL 5554321, at *11 (E.D. Cal. Nov. 15, 2011) (dismissing Title VII retaliation claim where there were "insufficient allegations that those who engaged in the adverse employment actions had knowledge of [the plaintiff's] protected conduct"). The Court dismisses Frohm's retaliation claim with leave to amend, as it is not clear that she cannot provide additional allegations to cure this deficiency.

ECF No. 36 at 5–6.

In her second amended complaint, Frohm alleges that she made additional complaints of discrimination to Degrafinried and Carla Short, Acting Deputy Director of Operations, "[o]n several occasions during 2020." ECF No. 41 ¶ 23; *see also id.* ¶¶ 25–26. Degrafinried and Short are alleged to have been Frohm's supervisors and therefore obligated to report Frohm's complaints of discrimination "to the department's EEO or HR personnel" under City policy, and Degrafinried allegedly "spoke to HR after speaking with Ms. Frohm and hearing her complaint of race discrimination." *Id.* ¶¶ 28–30. Julia Dawson, Deputy Director of Finance and Administration, allegedly had weekly meetings with Degrafinried and HR and separate weekly meetings with Degrafinried and Short, which also included HR. *Id.* ¶ 42. Frohm does not allege that her complaints of discrimination were discussed at any of these meetings.

Frohm does not allege any adverse actions by Stringer, Degrafinried, or Short—the three individuals to whom she made complaints of discrimination. As with its motion to dismiss the first amended complaint, the City does not dispute, for purposes of this motion, that these "complaints, if made, would constitute protected activity under FEHA." ECF No. 42 at 11 n.2. Frohm argues that she has alleged "three retaliatory actions following her complaints of race discrimination":

> (1) Ms. Frohm was continually denied promotion to an 0941 position, (2) Ms. Frohm was denied the opportunity to compete for

2

>   the 0954 position, and (3) Ms. Frohm was denied the opportunity to fill the vacant permanent position of 0932 despite backfilling that position for two years prior to it becoming vacant and three years after.

ECF No. 56 at 11.

First, Frohm alleges that Degrafinried requested, at an unspecified date, that "a 0941 position be budgeted for Operations," and said "that he believed Ms. Frohm would likely be the top candidate for the position." ECF No. 41 ¶ 31. Dawson allegedly "stated there was no budget for the position." *Id.* Frohm also alleges that, on August 12, 2021, DiJaida Durden, Deputy Director of Operations, sought a new 0941 position, for which Durden thought Frohm was qualified. *Id.* ¶ 44. "HR stated that Ms. Frohm did not qualify for a 0941 position in Operations because she did not have enough staff," supervisory experience, or prior experience, when Frohm alleges that she had all three. *Id.* ¶¶ 44–45.

As to the alleged action by Dawson, alleging that Degrafinried and Short were obligated to report Frohm's complaints to EEO or HR personnel, and that both had regular meetings with Dawson that included HR, is insufficient to allege that Dawson plausibly knew of Frohm's complaints. While it is possible Frohm's complaints were discussed at one or more of the alleged meetings, Frohm's allegations do not cross "the line between possibility and plausibility," as required to state a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Frohm relies on *Ayala v. Frito Lay, Inc.*, in which the court stated that "allegations of temporal proximity are sufficient to plead a causal link between plaintiffs' engagement in protected activity and the adverse employment action." 263 F. Supp. 3d 891, 912 (E.D. Cal. 2017). However, "if the decision maker does not have knowledge of the plaintiff's protected activity, there can be no retaliation for engaging in that activity." *Brooks v. Capistrano Unified Sch. Dist.*, 1 F. Supp. 3d 1029, 1037 (C.D. Cal. 2014); *accord Cooper*, 2011 WL 5554321, at *11. The existence of temporal proximity does not eliminate this knowledge requirement. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (explaining that "temporal proximity between *an employer's knowledge* of protected activity and an adverse employment action" may be "sufficient evidence of causality to establish a prima facie case" of retaliation (emphasis added)); *Thomas v. City of Beaverton*, 379 F.3d 802, 812 n.4 (9th Cir. 2004) ("The employer's awareness of the protected

3

activity is also important in establishing a causal link."). Because Frohm has not adequately alleged Dawson's knowledge of Frohm's alleged protected activity, the Court grants the City's motion as to Dawson's alleged failure to approve a 0941 position when requested by Degrafinried.

However, Frohm's allegations that Degrafinried was required to report her complaints of discrimination to HR, and that he spoke to HR after hearing her complaints, plausibly allege HR's knowledge of those complaints. The City argues that Dawson, and not HR, must have been the decisionmaker in August 2021 because Frohm alleges that Dawson "had control over all budgeted positions and was able to allocate them to any section/branch of her choosing." ECF No. 41 ¶ 18. But that allegation was in reference to the removal of the 0941 position from Operations in 2018, not three years later. The Court denies the City's motion to dismiss as to HR's alleged failure to reclassify Frohm to a 0941 position in August 2021.

Second, Frohm alleges that Dawson "played in integral part in the application and selection process for the 0954 Deputy Director of Operations position" for which Frohm was not selected for an interview. *Id.* ¶¶ 34–35. The Court grants the City's motion to dismiss as to these allegations for the same reason discussed above: Frohm has not adequately alleged Dawson's knowledge of Frohm's alleged protected activity.

Third, Frohm alleges that she has been in her current 0932 position since April 2018, beginning on a backfilled basis, and that the permanent position was allowed to remain vacant for three years after the prior holder resigned in 2020. *Id.* ¶¶ 18, 32. She contends that she was retaliated against because she was not allowed to fill the position on a permanent basis for those three years. However, she does not allege that her being in the position on a backfilled basis had any material effect on "the terms, conditions, or privileges of employment," as required to state a retaliation claim. *Yanowitz*, 36 Cal. 4th at 1052. The Court therefore grants the City's motion as to the 0932 position.

For the above reasons, the Court grants the City's motion to dismiss Frohm's retaliation claim in part and denies it in part. The motion is denied as to the alleged failure to be reclassified to a 0941 position in August 2021, and granted in all other respects. Dismissal is with leave to amend to provide Frohm one final opportunity to cure the identified deficiencies, if she is able.

4

Any amended complaint is due by January 26, 2024.[1]  The Court encourages Frohm to meet and confer with the City prior to filing any amended complaint in an effort to avoid, if possible, a fourth motion to dismiss.  If such a motion is brought and granted, the Court is unlikely to grant further leave to amend.  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (quoting *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996))).

**IT IS SO ORDERED.**

Dated:  December 21, 2023



JON S. TIGAR
United States District Judge

---

[1] The deadline has been set at this distance to accommodate the holidays and the parties' settlement conference scheduled on January 17, 2024, before Magistrate Judge Kim.  ECF No. 59.